IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| -vs- ) | Case No. CR-21-54-F |
| ) | |
| AGUSTIN DORANTES-FLORES, ) | |
| a/k/a Javier Salazar, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Defendant Agustin Dorantes-Flores, proceeding *pro se*, has filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 (Part A) to the United States Sentencing Guidelines.[1] Doc. no. 46. Plaintiff United States of America has responded in opposition to the motion. Doc. no. 49. The matter is at issue.

Pursuant to a plea agreement, defendant pleaded guilty to a one-count superseding information charging him with a conspiracy to possess with intent to distribute and to distribute fentanyl and cocaine, in violation of 21 U.S.C. § 846. The Probation Office prepared a final presentence investigation report (doc. no. 32), which calculated defendant's base offense level at 30. Defendant received a two-level enhancement under U.S.S.G.[2] § 2D1.1(b)(12) because he maintained a premises for the purpose of manufacturing or distributing a controlled substance, and he received a two-level adjustment under § 2D1.1(b)(18) because he qualified

---

[1] Because defendant is proceeding *pro se*, the court construes his motion liberally, but it does not act as his advocate. Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

[2] United States Sentencing Guidelines.

for safety valve, resulting in an adjusted offense level of 30. Applying a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, defendant's total offense level was 27.

Based on his criminal history, defendant was assessed a criminal history score of one. Because defendant committed the drug conspiracy offense while under a criminal justice sentence, two additional points (status points) were added under § U.S.S.G. § 4A1.1(d), for a total criminal history score of three. A criminal history score of three established a criminal history category of II. With a total offense level of 27 and a criminal history category of II, defendant's advisory guideline imprisonment range was 78 months to 97 months.

At sentencing, the court adopted the presentence investigation report without change. The court then varied downward and sentenced defendant to a term of imprisonment of 60 months. Judgment was entered on February 22, 2022. Defendant did not file a direct appeal.

In his motion, defendant requests that his sentence be reduced pursuant to Amendment 821 (Part A), which became effective November 1, 2023 and has retroactive application, because he was accessed two additional criminal history points (status points) for committing his drug conspiracy offense while under a criminal justice sentence.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Congress has provided a few exceptions to this rule. One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case, the court "may" reduce a sentence if doing so would be consistent with the factors

in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission. *Id.*

The court follows a two-step process in considering defendant's § 3582(c)(2) motion. *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013). The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction. If the reduction is authorized, the court may consider any applicable 18 U.S.C. § 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 47), the court finds that defendant is not eligible for a sentence reduction under Part A of Amendment 821.

Under Part A, a defendant's status points are decreased by one if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points. Applying Part A, defendant's status points would be eliminated, resulting in defendant having a total criminal history score of one. With a total criminal history score of one, defendant's criminal history category would be lowered from II to I. With a total offense level of 27 and a criminal history category of I, defendant's amended guideline range would be 70 months to 87 months' imprisonment.

However, under U.S.S.G. § 1B1.10(b)(2)(A), the court cannot reduce a defendant's term of imprisonment under § 3582(c)(2) to a term that is less than the minimum of the amended guideline range, unless defendant's term of imprisonment resulted from a government motion to reflect substantial assistance under U.S.S.G.

§ 1B1.10(b)(2)(B).  Defendant's term of imprisonment of 60 months is less than the minimum of the amended guideline range and defendant's term of imprisonment did not result from a government motion to reflect substantial assistance under U.S.S.G. § 1B1.10(b)(2)(B).  As such, defendant is not eligible for a reduction of sentence under Part A of Amendment 821.  Therefore, defendant's motion will be dismissed.

Accordingly, defendant Agustin Dorantes-Flores' Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (doc. no. 46) is **DISMISSED**.

IT IS SO ORDERED this 5th day of March, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0054p006.docx

4